UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KURT EDWARD BANTER,

    Plaintiff,

    v.     CAUSE NO. 1:21-CV-400-HAB-SLC

ADAMS COUNTY, et al.,

    Defendants.

OPINION AND ORDER

Kurt Edward Banter, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Banter alleges that, on or about September 15, 2017, he was charged in cause number 38D01-1709-F6-000156 in Jay County, Indiana. A review of the publicly available online docket shows this charge was for possession of methamphetamine and driving while suspended. *See State v. Banter*, Cause No. 38D01-1709-F6-000156, filed Sept. 15, 2017, available at: https://public.courts.in.gov/mycase/#/vw/Search (last accessed Oct. 25, 2021). According to Banter, he was detained in the Adams County Jail

for a probation violation related to a previous charge in a different case on October 1, 2017,[1] and he was held without bond. He was told that if he paid his fines and fees, they would release him on home detention. However, even after he paid the fines and fees, home detention was denied. He remained in jail until his trial in cause number 38D01-1709-F6-000156, at which time he was found not guilty and was immediately released; he was also told the probation issue was "over with" and was released under that cause number as well. ECF 1 at 2. Banter has sued Adams County, Jack Odle, an employee of the Adams County probation department, Tracy Netzel, the Adams County prosecutor, and the Adams County Court for "wrongful incarceration." *Id*. He requests monetary damages and the dismissal of the probation violation "on the record." *Id*. at 3.

The statute of limitations for 42 U.S.C. § 1983 actions in Indiana is two years. *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011). "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action." *Id*. (quoting *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005)). A claim accrues when a plaintiff "knows or should know" that his rights under the Constitution have been violated. *Id*. As to a Fourth Amendment claim for unlawful pretrial detention, the claim accrues when the detention ends. *Mitchell v. City of Elgin*, 912 F.3d 1012, 1013 (7th Cir. 2019) (citing *Manuel v. City of*

---

[1] According to the online docket, a probation violation petition was entered in cause number 01D01-1601-F6-000012 on September 22, 2017, and an arrest warrant was issued that same day. *See State v. Banter*, Cause No. 01D01-1601-F6-000012, filed Jan. 20, 2016, available at: https://public.courts.in.gov/mycase/#/vw/Search (last accessed Oct. 25, 2021). On October 2, 2017, the following event was entered: "The Court has been informed by the Sheriff Dept that the defendant is at the Jay County Security Center on local charges and a hold has been placed on him for this case." *Id*.

*Joliet*, 903 F.3d 667, 670 (7th Cir. 2018)). "[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan*, 644 F.3d at 582.

In this case, it is clear Banter's complaint fails to state a claim because it was filed more than two years after his detention ended. He admits he was released following the conclusion of his jury trial in cause number 38D01-1709-F6-000156. According to the online docket, a jury found him not guilty of both counts on May 23, 2018, and an order on the jury verdict and judgment of acquittal was entered the next day. *See State v. Banter*, Cause No. 38D01-1709-F6-000156, filed Sept. 15, 2017, available at: https://public.courts.in.gov/mycase/#/vw/Search (last accessed Oct. 25, 2021). On May 24, 2018, a motion to dismiss the probation violation petition was filed in cause number 01D01-1601-F6-000012 by the deputy prosecutor, Tracy Noetzel, and docketed along with the following entry from the court:

> The Court dismisses the Violation of Probation petition 1.1. Nothing more is pending in this case at this time. The fact finding hearing is now vacated, no hearing will be held. Order on Motion to Dismiss Violation of Probation Petition 1.1 entered. Copy to defendant at the Jay County jail, counsel, prosecutor, probation, and the jail commander.

*See State v. Banter*, Cause No. 01D01-1601-F6-000012, filed Jan. 20, 2016, available at: https://public.courts.in.gov/mycase/#/vw/Search (last accessed Oct. 25, 2021). That order was sent to the jail the next day, and an entry was issued noting the "Court staff issued an email to the jail staff letting them know that the defendant should be immediately released from incarceration due to the violation of probation petition being dismissed." *Id*. Although Banter alleges he was only told verbally of the dismissal and

3

"never went to court on the record to finalize my Adams County case," the publicly available docket clearly indicates the probation revocation petition was dismissed in its entirety. Banter could have checked the online docket or contacted the court (or his appointed counsel) if he had any questions regarding the dismissal following his release. As such, he should or could have known his rights had been violated upon his release on May 23rd or 24th, 2018, so the limitations period ended on May 24, 2020, at the latest. *See Logan*, 644 F.3d at 581. Because this complaint was not filed until October 18, 2021, it must be dismissed as time barred. *See id.* at 582.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on October 26, 2021.

                                                s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT